CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 16 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER WASHINGTON, | |
| Plaintiff, | Case No. 7:09CV00375 |
| v. | MEMORANDUM OPINION |
| B. WATSON, WARDEN, ET AL., | By: Glen E. Conrad |
| Defendants. | United States District Judge |

Plaintiff Christopher Washington, a Virginia inmate proceeding pro se, brings this action as a civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Washington alleges that prison officials failed to protect his personal property after he was removed from his cell and refused to reimburse him for the value of a television set that was broken during his absence, apparently by another inmate. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Washington alleges the following sequence of facts on which he bases his claims. He is an inmate at Wallens Ridge State Prison in Big Stone Gap, Virginia. On March 28, 2009, he got into a fight with his cell partner. Officers removed Washington from the cell, taking him first to the medical unit and then to segregation. The cell partner was left alone in the cell with Washington's personal property. Officers later returned to remove the cell partner, and then Officers Herion and Delph went back into the cell to pack up the inmates' personal property. When Washington's property was returned to him, his television set was broken. Washington filed grievances, complaining that because of the officers' negligence in leaving his property unattended, his cell partner had broken his television and kept some of his other personal property, such that the Virginia Department of Corrections should replace the television or

reimburse him for its value.[1] When officials refused to comply with such requests, Washington filed this lawsuit.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." A claim having no arguable basis in fact or law may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989).

The court concludes that Washington's detailed allegations fail to provide any basis in law for a claim actionable under § 1983. Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as Washington possessed tort remedies for his alleged property losses under Virginia state law, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case. Moreover, mere negligence by prison officials does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327 (1986).

## Conclusion

For the stated reasons, the court concludes that Washington's allegations do not provide factual or legal basis for any constitutional claim against prison officials regarding his lost

---

[1] The documentation Washington has submitted regarding his utilization of the administrative remedies procedure does not indicate that he pursued his claim regarding the television to the highest available level of appeal. However, inasmuch as the court concludes that his claims are frivolous, pursuant to § 1915A(b)(1), the court need not make any finding as to whether he satisfied the exhaustion requirements under 42 U.S.C. § 1997e(a) before filing this lawsuit.

property. Accordingly, the court will dismiss the complaint without prejudice as legally frivolous, pursuant to § 1915A(b)(1). An appropriate order will enter this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of September, 2009.

/s/ Glen Conrad
United States District Judge